UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>JOHN F. FRIEDLANDER,<br><br>                Defendant. | No. CR-87-308-JLQ<br><br>ORDER STAYING REQUIREMENT THAT GOVERNMENT RESPOND BY APRIL 15, 2013 |

BEFORE THE COURT is the Government's "Motion to Vacate Order Directing Response to Defendant's § 2255 Motion" (ECF No. 7). The Government argues that the Ninth Circuit has previously, in 2000, denied Defendant's request to file a second or successive § 2255 petition, and thus the Government should not have to respond to the instant Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 4).

Under 28[1] U.S.C. § 2255(h) a second or successive motion can be filed if it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The motion must be certified by a panel of the Court of Appeals. Defendant has made such a request to the Ninth Circuit (Case No. 13-70918). Defendant relies on recent Supreme Court cases involving juvenile criminal sentences, particularly *Graham v. Florida*, 130 S.Ct. 2011 (2010) and *Miller v. Alabama*, 132 S.Ct. 2455 (2012). The Ninth Circuit has directed the Government to respond to Defendant's request for a second or successive § 2255 motion and stated that the motion "raises issues that warrant a response." The Government, in a request to the Ninth Circuit for additional time to respond, has stated that it is consulting with Department of Justice Management on the constitutional issues.

---

[1] The Government incorrectly cites the statute as **18** U.S.C. 2255 at ECF No. 7, p. 2.

ORDER - 1

This court is of the view that the issues raised by Defendant would benefit from the assistance of counsel.  Further, the Government has stated that Defendant's Motion to Vacate "raises significant constitutional issues that require further coordination with the Department of Justice" before the Government can respond. See Ninth Cir. Case # 13-70918, DktEntry 4, Government's Motion for Extension of Time.  It is generally difficult for a *pro se* litigant to brief and present legal issues, and it appears it would be all the more difficult in this instance.  If the Ninth Circuit decides to allow the successive motion, this court will reconsider Defendant's request for appointment of counsel. (ECF No. 5).

**IT IS HEREBY ORDERED:**

1. The Government's Motion to Expedite (ECF No. 8) is **GRANTED**.

2. The Government's Motion to Vacate Order Directing Response (ECF No. 7) is **GRANTED IN PART**.  This court's prior Order is not vacated, but the Government need not file a response by April 15, 2013.

3. The court will await the decision of the Ninth Circuit. See 28 U.S.C. § 2244(b)(3)(E)("The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.")

4. The Government shall promptly inform this court of the Ninth Circuit's decision, **no later than five (5) days** after the issuance of such decision.  If the § 2255 motion is allowed, this court will then make a determination concerning appointment of counsel and reset the briefing deadlines.

**IT IS SO ORDERED**. The Clerk shall file this Order and forward copies to Mr. Friedlander and counsel for the Government.

DATED this 10th  day of April, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2